— Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Holdman, J.), rendered July 9, 2010, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Betancourt, 68 NY2d 707 [1986]; People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt of burglary in the second degree beyond a reasonable doubt (see Penal Law § 140.25 [2]; People v Hammon, 47 AD3d 644 [2008]; People v Balaz, 43 AD3d 949 *791 [2007]; People v Moon, 11 AD3d 486 [2004]; People v Brown, 288 AD2d 233 [2001]; People v Hirsch, 280 AD2d 612 [2001]; People v Murray, 168 AD2d 573 [1990]). Contrary to the defendant’s contention, his intent to commit a crime within the subject residence was sufficiently established by circumstantial evidence (see People v Barnes, 50 NY2d 375, 380 [1980]; People v Bergman, 70 AD3d 1494 [2010]; People v Gilmore, 199 AD2d 410, 411 [1993]; People v Lide, 192 AD2d 557, 558 [1993]; People v Murray, 168 AD2d 573 [1990]; People v Caraballo, 138 AD2d 725 [1988]), including DNA evidence linking the defendant to the crime (see People v Jones, 105 AD3d 1059, 1060 [2013]; People v Dolan, 2 AD3d 745, 746 [2003]; People v Rush, 242 AD2d 108 [1998]).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all of the convictions was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, the Supreme Court conducted an extensive colloquy, following which the defendant executed a knowing, voluntary, and intelligent waiver of his right to counsel (see People v Providence, 2 NY3d 579, 583 [2004]; People v Vivenzio, 62 NY2d 775 [1984]; People v Anderson, 94 AD3d 1010, 1012 [2012]).
The defendant’s remaining contention is without merit. Dillon, J.E, Chambers, Austin and Duffy, JJ., concur.